UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUFUS BOWSER,<br><br>Petitioner,<br><br>v.<br><br>JOHN POWELL, et al.,<br><br>Respondents. | Civil Action No. 19-2306 (ES)<br><br>OPINION |

**Salas, District Judge**

Presently before the Court are respondents John Powell and the Attorney General of the State of New Jersey's (collectively, "Respondents") motion to dismiss petitioner Rufus Bowser's ("Petitioner") habeas petition as time barred (D.E. No. 14) and motion to seal the record of this matter (D.E. No. 15). Petitioner did not respond to either motion. For the following reasons, Respondents' motion to dismiss is GRANTED; Petitioner's habeas petition (D.E. No. 1) is DISMISSED *with prejudice* as time barred; Petitioner is DENIED a certificate of appealability; and Respondents' motion to seal is GRANTED.

**I.   BACKGROUND**

Because this matter is dismissed as time barred, only a brief recitation of the factual and procedural history of this matter is necessary for the purposes of this Opinion. Petitioner was "convicted by a jury of first-degree aggravated sexual assault, second-degree sexual assault, and second-degree endangering the welfare of a child. After merger, defendant was sentenced to an aggregate custodial term of eighteen years, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA)." *State v. R.B.*, No. A-3858-13T1, 2017 WL

1090588, at *1 (N.J. Super. Ct. App. Div. Mar. 23, 2017) (per curiam) (internal citations omitted), *certification denied*, 230 N.J. 510 (2017). Petitioner appealed, and the Appellate Division affirmed his conviction on July 14, 2008. *State v. R.B.*, No. A-5113-05T1, 2008 WL 2699851, at *6 (N.J. Super. Ct. App. Div. July 14, 2008). The New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal on March 23, 2009. *State v. R.B.*, 968 A. 2D 1189, 1189 (2009). Petitioner did not file a petition for certiorari.

On March 31, 2011, Petitioner filed a post-conviction relief ("PCR") petition. (*See* D.E. No. 4-1 at 16 (ECF pagination)[1]). This petition was denied by the PCR court on August 16, 2013. (*Id.* at 21). Petitioner did not file a timely notice of appeal. Instead, on May 1, 2014, he submitted an out of time notice of appeal and a motion requesting that the Appellate Division accept that filing as within time. (*Id.* at 9–10). The Appellate Division granted the motion to file a notice of appeal as within time on May 22, 2014. (*Id.* at 10). Following briefing, the Appellate Division affirmed the denial of PCR on March 23, 2017. *R.B.*, 2017 WL 1090588, at *1. The New Jersey Supreme Court thereafter denied certification as to Petitioner's PCR appeal on June 29, 2017. *State v. R.B.,* 170 A. 3d 305, 305 (2017). Petitioner's habeas petition to this Court was not filed until January 28, 2019. (D.E. No. 1 at 16).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner has the burden of establishing his entitlement to relief for each claim

---

[1] Unless specified otherwise, pin cites to documents under docket entry number 4-1 refer to the page numbers automatically generated by the Court's Electronic Case Files ("ECF") system.

presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 567 U.S. 37, 41 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. 28 U.S.C. § 2244; *see Renico v. Lett*, 559 U.S. 766, 772–73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). For purposes of § 2254 (d)(1), clearly established Federal law "includes only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.  **Analysis**

   *1)   Motion to Dismiss as Time Barred*

In their unopposed motion to dismiss, Respondents argue that Petitioner's habeas petition in this matter should be dismissed as time barred. (D.E. No. 14). Habeas petitions filed pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most instances, including this one, that one-year period runs from "the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] *Ross*, 712 F.3d at 798. The time for seeking review includes the ninety-day period for filing a petition for a writ of certiorari in the United States Supreme Court. *Jenkins*, 705 F.3d at 84. For purposes of this matter, the judgment of conviction became final on Monday, June 22, 2009, the first non-holiday business day[3] occurring ninety days after the denial of certification and the date on which the time for seeking certiorari review expired. Petitioner's one-year limitations period therefore expired one year later on June 22, 2010, nine months before his PCR petition was filed in the Superior Court of New Jersey. Thus, absent some basis for tolling, Petitioner's one-year limitations period had already elapsed long before his habeas petition was filed in this Court.

The Court next analyzes whether any statutory or equity basis for tolling indeed exists. Under 28 U.S.C. § 2244(d)(2), a prisoner's "properly filed" PCR petition in the state courts

---

[2]   Petitioner's habeas petition contains a vaguely alleged *Brady* claim asserting the late receipt of evidence in the form of a statement made by the victim. (D.E. No. 1 at 8, 20–22). However, the record indicates that Petitioner was aware of the basis for this *Brady* claim and raised it on direct appeal. *See R.B.*, 2008 WL 2699851 at *5–7. Because Petitioner raised this *Brady* claim prior to his conviction becoming final, this *Brady* claim cannot serve as basis for a later start date for the running of the statute of limitations.

[3]   Because the ninety-day time period would have expired on a Sunday, the time period is not considered to have expired until the following Monday. *See, e.g.,* Fed. R. Civ. P. 6(a)(1)(C).

statutorily tolls the one-year limitation during the time such petition is "pending." *See Jenkins*, 705 F.3d at 85. A petition or appeal is "properly filed" when it is filed in accordance with all state "time limits, no matter their form." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). Such petition will continue to be "pending" until the time during which the petitioner could have filed a timely direct appeal in the state courts has run. *See Swartz v. Meyers*, 204 F.3d 417, 420–24, 423 n.6 (3d Cir. 2000). In New Jersey, a petitioner has forty-five days to appeal the denial of his PCR petition. N.J. Court R. 2:4-1. Where a petitioner fails to file a timely notice of appeal, his petition ceases to be pending after the expiration of the time during which he could have filed a timely notice of appeal and does not resume "pending" status until the point at which a late notice of appeal is filed and accepted. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz*, 204 F.3d at 423 n.6; *Thompson v. Admin. N.J. Stat Prison*, 701 F. App'x 118, 121–23 (3d Cir. 2017).

Here, Petitioner's PCR petition was denied in on August 16, 2013; the 45-day appeal period expired on September 30, 2013. (*See, e.g.,* D.E. No. 14-3 at 2). Yet Petitioner did not file a motion seeking leave to file an out of time appeal until about seven months later on May 1, 2014. (*Id.*). Petitioner thus accrued approximately seven months of untolled time by May 1, 2014. *See Swartz*, 204 F.3d at 423 n.6. Even assuming Petitioner properly filed his PCR petition in the state courts, thus the entire state court proceedings were subject to the tolling statute and no untolled time was accrued, the instant habeas petition would still be time barred by at least six months. *See* 28 U.S.C. § 2244(d)(2). This is because his PCR petition in the state courts ceased to be "pending" when the New Jersey Supreme Court denied his petition for certification on June 29, 2017, which is approximately eighteen months before the instant habeas petition was filed.

The § 2254 limitations period is also subject to equitable tolling under certain limited circumstances. *Jenkins*, 705 F.3d at 88–89. The time limit should be equitable tolled "only

sparingly . . . when principles of equity would make the rigid application of a limitation period unfair . . . ." *Id.* at 89 (internal quotation marks and citations omitted). A prisoner is therefore "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotations omitted). As Petitioner has failed to respond to the motion to dismiss, and because Petitioner did not address the issue in his habeas petition, Petitioner has failed to provide any basis for equitable tolling, and this Court perceives no such basis from the available state court record.

As it is clear that Petitioner's habeas petition was filed eighteen months after any statutory basis for tolling had expired, and because Petitioner has failed to provide any basis for equitable tolling, Respondents' motion to dismiss is therefore granted and the Petition is dismissed *with prejudice* as time barred.

### 2) Motion to Seal

Respondents also filed a motion requesting that the Court seal: (i) the portions of the state court record Respondents intended to file in support of their motion to dismiss (D.E. No. 14); and (ii) documents Petitioner submitted in support of his habeas petition (D.E. No. 4-1). (D.E. No. 15). Respondents argue that these documents should be sealed as they contain information which could be used to ascertain the identity of the minor victim of Petitioner's underlying sexual assault convictions, and because these documents were previously impounded and sealed by the state courts. (*Id.*)

Although documents filed in a federal civil case are subject to a presumptive right of public access, *see, e.g., Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993),

this Court may restrict public access to filed documents where a party shows that sealing the record is warranted in light of

> (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3). As Petitioner has not opposed the motion to seal, because the privacy rights at issue—specifically those of the minor victim—and the potential injuries to the victim should the documents be made publicly available are clear, and because the state courts previously sealed these documents from public view, this Court will grant the motion and direct the Clerk of the Court to seal the entirety of Docket Entry Numbers 4 and 14, including all documents filed under those entries.

### 3) *Certificate of Appealability*

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's habeas petition is clearly time barred, Petitioner has failed to make a substantial showing of the denial of a constitutional right and he is denied a certificate of appealability.

## III. CONCLUSION

For the reasons set forth above, Respondents' motion to dismiss (D.E. No. 14) is GRANTED; Petitioner's habeas petition (D.E. No. 1) is DISMISSED *with prejudice* as time barred; Petitioner is denied a certificate of appealability; and Respondents' motion to seal (D.E. No. 15) is GRANTED. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**